[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
CT Page 6349
This is in response to plaintiff's motion of June 14, 1995 for articulation by the court of the reasons for the amount of punitive damages awarded in its Memorandum of Decision of May 26, 1995.
The court concluded in such decision that the fraud and fraudulent conveyances committed by the defendants offend public policy, are immoral, unethical and unscrupulous and constitute a reckless indifference to the rights of others and/or an intentional, malicious and wanton violation of those rights. One of the purposes of punitive damages is to serve as a deterrent so the reckless disregard for other's rights etc. aforementioned will not occur again by the defendants.[1]
The statutes do not provide a specific standard for determining the amount of punitive damages. However, one of the ways approved by the court in Staehle v. Michael's Garage, Inc.,35 Conn. App. 455, 463 (1994) is to make them equal to compensatory damages. Also, see Tessman v. Tiger Lee Construction Co.,228 Conn. 42 (1993). Another case, Bailey Employment System, Inc. v.Hahn, 545 F. Sup. 62, 73 (D.Conn. 1982) approved a multiple (doubling) of compensatory damages as punitive damages. The awarding of punitive damages is within the discretion of the trial court. See General Statutes § 42-110g(a) and Staehle v. Michael'sGarage, Inc., supra and Gargano v. Heyman, 203 Conn. 616, 622
(1978).[2]
The court could easily have assessed $98,702.62 as equal to the compensatory damages in this case without interest, attorney's fees, etc. However, in light of the 10% interest from March 13, 1992 forward assessed against the defendants for detention of money after it became payable under General Statutes § 37-3a, and the expectation that substantial attorney's fees would be awarded, the court believed and does believe $25,000 in punitive damages, which is slightly more than 25% of the basic compensatory damages (without interest) of $98,702.62 was (is) reasonable under the circumstances.
Rittenband, J.